IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DRAGON INTELLECTUAL PROPERTY, LLC,<br><br>　　Plaintiff,<br><br>　　v.<br><br>DISH NETWORK, LLC<br><br>　　Defendant. | Civil Action No. 1:13-cv-02066-RGA |
| DRAGON INTELLECTUAL PROPERTY, LLC,<br><br>Plaintiff,<br><br>　　v.<br><br>SIRIUS XM RADIO INC.,<br><br>　　Defendant. | Civil Action No. 1:13-cv-02067-RGA |

**MEMORANDUM ORDER**

Defendants DISH Network, LLC and Sirius XM Radio Inc. have filed Motions to Declare This Case Exceptional. (C.A. 13-2066, D.I. 130; C.A. 13-2067, D.I. 139). The Parties have fully briefed the issues. (C.A. 13-2066, D.I. 131, 143, 152; C.A. 13-2067, D.I. 140, 156, 165). Plaintiff's former Freitas Angell & Weinberg LLP ("FAW") attorneys have also filed an opposition to Defendants' motions. (C.A. 13-2066, D.I. 144; C.A. 13-2067, D.I. 157). For the reasons set forth below, Defendants' motions are **DENIED**.

The Defendants' motions request, in part, fees pursuant to 35 U.S.C. § 285. That Section provides: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." A prevailing party is "one who has been awarded some relief by the court." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001); *see also SSL Servs., LLC v. Citrix Sys., Inc.*, 769 F.3d 1073, 1087 (Fed. Cir. 2014) ("A party 'prevails' when 'actual relief on the merits of his claim materially alters the legal relationship between the parties . . . in a way that directly benefits the [party].'" (alteration in original) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992)).

I vacated my previous judgments of non-infringement in these cases. (C.A. 13-2066, D.I. 168; C.A. 13-2067, D.I. 177). Thus, I have not awarded "actual relief on the merits" and Defendants DISH Network LLC and Sirius XM Radio Inc. are not prevailing parties.[1] Therefore, they are not entitled to pursue attorney fees under 35 U.S.C. § 285.

Defendants' motions also request an award of fees from Plaintiff's former FAW attorneys, Robert Freitas and Jason Angell, pursuant to 28 U.S.C. § 1927. That Section provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The Third Circuit limits Section 1927 fees awards to instances where the attorney has "(1) multiplied proceedings; (2) unreasonably and vexatiously; (3) thereby increasing the cost of the proceedings; (4) with bad faith or with intentional misconduct." *LaSalle Nat. Bank v. First Conn.*

---

[1] I acknowledge, as Defendant DISH Network LLC pointed out in its October 10, 2018 letter, that Defendants DISH Network LLC and Sirius XM Radio Inc. are unique in this group of related cases in that they did achieve a victory over Plaintiff. (*See* C.A. 13-2066, D.I. 169). However, the Patent Trial and Appeal Board awarded that victory and it did not play a role in any judgment issued by this Court. Success in a different forum is not a basis for an award of attorneys' fees by this Court.

2

*Holding Grp., LLC.*, 287 F.3d 279, 288 (3d Cir. 2002). "[Section] 1927 explicitly covers only the multiplication of proceedings that prolong the litigation of a case and likely not the initial pleading, as the proceedings in a case cannot be multiplied until there *is* a case." *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 101 (3d Cir. 2008) (emphasis in original).

The conduct identified by Defendants is not sufficient to support an award of fees pursuant to Section 1927 under the Third Circuit standard. Defendants identify three issues with FAW's representation of Plaintiff:

> (1) the clear failure . . . to conduct an adequate pre-filing investigation; (2) Dragon's refusal to acknowledge the express language of its own claims as applied to the accused . . . products and its continued pursuit of frivolous litigation after being notified of its meritless positions; and (3) the diametrically inconsistent positions that Dragon took in the related IPR proceedings and this Court concerning the scope of the asserted claims of the '444 patent.

(C.A. 13-2066, D.I. 11). Defendants' first allegation is irrelevant to the Section 1927 inquiry which focuses on actions taken *during* a proceeding. Pre-filing activity, or inactivity, does not support an award of fees pursuant to Section 1927.

Defendants' second allegation is similarly irrelevant. Defendants correctly point out that the FAW attorney filed papers which denied prosecution disclaimer despite the disclaiming language in the prosecution history being among the clearest I have seen during my time on the bench. (C.A. 13-2061, D.I. 110 at 7). However, Defendants do not articulate how the proposed constructions, flawed as they were, multiplied and prolonged the proceedings. Thus, Plaintiff's claim construction position does not support an award of fees pursuant to Section 1927.

Defendants' third allegation similarly does not support an award of fees. Propounding opposite claim construction positions before the Patent Office and a District Court in concurrent proceedings is, at a minimum, objectively bad form. However, assuming Defendants' accusations against the FAW attorneys are true, the inconsistent positions did not cause the

3

proceedings in this case to multiply. As is usual in patent cases, the Parties argued their respective positions and I issued a claim construction order. The Parties did not subsequently relitigate the claim constructions such that they prolonged the litigation. Accordingly, an award of Section 1927 fees on this basis is inappropriate.

Thus, although Defendants identify behavior that I might properly have sanctioned under Section 285, the allegations do not meet the standard for a Section 1927 fees award.

Accordingly, Defendants DISH Network LLC's and Sirius XM Radio Inc.'s Motions to Declare This Case Exceptional (C.A. 13-2066, D.I. 130; C.A. 13-2067, D.I. 139) are **DENIED**.

IT IS SO ORDERED this 7 day of November 2018.

Richard G. Andrews
United States District Judge