IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DRAGON INTELLECTUAL PROPERY, LLC,<br>　　　　Plaintiff,<br>　v.<br>DISH NETWORK, LLC,<br>　　　　Defendant. | Civil Action No. 13-cv-2066-RGA |
| DRAGON INTELLECTUAL PROPERTY, LLC,<br>　　　　Plaintiff,<br>　v.<br>SIRIUS XM RADIO INC.,<br>　　　　Defendant. | Civil Action No. 13-cv-2067-RGA |

MEMORANDUM ORDER

Before me is Robert E. Freitas and Freitas & Weinberg LLP's Motion to Terminate Proceedings for Lack of Subject Matter Jurisdiction (D.I. 179) and Motion to Terminate Proceedings as to Jason S. Angell (D.I. 181). Before me also is Dragon's motion to join the first motion (D.I. 183), which I GRANT.[1] The motions are fully briefed. (D.I. 180, 182, 185, 186, 187, 189). For the reasons set forth below, the first motion is DENIED and the second motion is GRANTED.

---

[1] Unless otherwise indicated, citations are to the docket in No. 13-2066. The corresponding motions on the docket of No. 13-2067 are D.I. 183, 185, and 187. They will be similarly resolved.

I. **BACKGROUND**

This case was filed in 2013 (D.I. 1) and is presently on remand from the Federal Circuit for consideration of DISH Network's and Sirius XM Radio's motions for attorney's fees under 35 U.S.C. § 285. *Dragon Intell. Prop., LLC v. Dish Network LLC*, 956 F.3d 1358, 1362 (Fed. Cir. 2020).

I originally found that Defendants did not infringe the asserted claims. (D.I. 115, 117). I later granted a motion to vacate that ruling as moot following PTAB *inter partes* review and appeal, which determined the asserted claims were invalid. (D.I. 168 at 6). *See Dragon Intell. Prop., LLC v. Dish Network LLC*, 711 F. App'x 993 (Fed. Cir. 2017); *Dish Network LLC v. Dragon Intell. Prop., LLC*, No. IPR2015-00499 (P.T.A.B. June 15, 2016). Following remand, Robert E. Freitas and Freitas & Weinberg LLP (collectively "Freitas") moved to terminate the case for lack of subject matter jurisdiction. (D.I. 179).

Jason S. Angell, who was named in the exceptional case motions as an individual against whom attorney's fees were sought (*see* D.I. 131 at 1), passed away on March 31, 2020. (D.I. 182 at 1). Freitas also moves to terminate the proceedings against Mr. Angell. (D.I. 181).

II. **DISCUSSION**

A. *Lack of Subject Matter Jurisdiction*

Freitas argues that the Court lacks subject matter jurisdiction to adjudicate the remaining § 285 motions and thus termination is appropriate. (D.I. 180 at 5). Specifically, Freitas asserts that as the infringement claims filed by Dragon are mooted, they cannot support subject matter jurisdiction for the remaining § 285 motions. (*Id.*). This is a natural consequence of *Munsingwear* vacatur, Freitas argues, which effectively resets the relationship between the parties. (*Id.* at 8-9). *See United States v. Munsingwear*, 340 U.S. 36, 40 (1950). Further, the §

285 motions cannot create a "case or controversy" on their own. (*Id*. at 6, citing, for example, *Sony Elecs., Inc. v. Soundview Techs., Inc*., 359 F. Supp. 2d 173, 176 (D. Conn. 2005) ("Section 285, however, is not an independent basis for jurisdiction.")).

Similar arguments were rejected by the Federal Circuit in *B.E. Tech., L.L.C. v. Facebook, Inc*., 940 F.3d 675 (Fed. Cir. 2019), *cert. denied*, 141 S. Ct. 618 (2020).[2]  There, B.E. Technology argued that, once the case was dismissed as moot following PTAB *inter partes* review, the district court "lacked a live case or controversy" from which to identify the prevailing party and render a decision on attorney's fees. *B.E. Tech.*, 940 F.3d at 677.  Citing *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1651 (2016), for the proposition that "a defendant [] can prevail by 'rebuffing' plaintiff's claim, irrespective of the reason for the court's decision," the *B.E. Tech.* Court affirmed the district court's award of costs to the defendant. *Id*. at 679.

On appeal in this action, the Federal Circuit applied *B.E. Tech.* and concluded, "Appellants successfully rebuffed Dragon's attempt to alter the parties' legal relationship in an infringement suit." *Dragon Intell. Prop.*, 956 F.3d at 1361.  Applying *B.E. Tech.*, the Court held that DISH and Sirius XM were "prevailing parties." *Id*. at 1362.  The Federal Circuit then remanded the issue of attorney's fees under § 285 to this Court. *Id*.

With respect to the holding of *B.E. Tech.*, Freitas argues that the Federal Circuit was "clearly mistaken." (D.I. 180 at 9 n.1; *see also* D.I. 189 at 3).  This is unpersuasive.  I am bound by Federal Circuit precedent and will not revisit arguments the Federal Circuit has considered on two previous occasions.[3]  Freitas also attempts to distinguish *B.E. Tech* on the grounds that the

---

[2] Freitas & Weinberg LLP represented B.E. Technology.
[3] Insofar as Freitas argues that the "case or controversy" issue was not clearly addressed by the *Dragon Intell. Prop.* Court, it was addressed by the court in *B.E. Technology*.

opinion did not state that a case or controversy is present in a moot case, only that a case or controversy is not required to identify a prevailing party. (D.I. 189 at 3).  This interpretation would create the odd, indeed untenable, understanding of the Court's ruling that a court has jurisdiction to identify a prevailing party and yet lacks the jurisdiction to award costs to that prevailing party.  As the court in *B.E. Tech* affirmed the district court's award of costs, I do not believe this was the Court's approach. *B.E. Tech.*, 940 F.3d at 679.

Additionally, district courts in this Circuit agree that a "district court may exercise jurisdiction over attorney's fees and costs after a controversy becomes moot on appeal." *Zacharkiw v. Prudential Ins. Co. of Am.*, 2012 WL 39870, at *5 (E.D. Penn. Jan. 6, 2012) (citing *Cnty. of Morris v. Nationalist Movement*, 273 F.3d 527, 534 (3d Cir. 2001)); *cf. Mars Area Sch. Dist. v. C.L. ex rel. K.B.*, 2015 WL 6134116, at *7-8 (W.D. Penn. Oct. 16, 2015) (dismissing the underlying case as moot and retaining equitable jurisdiction over a party's request for attorney's fees).

As such, Freitas' motion to terminate for lack of subject matter jurisdiction is DENIED.

### B. *Motion to Terminate as to Mr. Angell*

Jason S. Angell passed away on March 31, 2020.  Notice of his death was given in this action and on appeal. (D.I. 184, Ex. A; D.I. 188, Ex. A, Ex. B).  DISH and Sirius XM did not file a motion to substitute under Federal Rule of Civil Procedure 25(a)(1) and do not oppose the motion to terminate on the grounds that it "does not extinguish Defendants' claims for attorney's fees under 35 U.S.C. § 285 as to Freitas & Weinberg or as to Mr. Freitas." (D.I. 186 at 2).

I agree that termination as to Mr. Angell will not affect the Defendants' outstanding claims.

The parties engage in argument immaterial to the motion about the nature of the Freitas and Weinberg business partnership.  Neither side argues, however, that the termination of any claim

against Mr. Angell will impact Defendants' ability to pursue claims against Mr. Freitas and against the partnership.

The motion for termination of proceedings as to Mr. Angell is GRANTED.

### III. CONCLUSION

The motion to terminate proceedings for lack of subject matter jurisdiction (D.I. 179; No. 13-2067, D.I. 183) is **DENIED**.  The motion to terminate proceedings as to Jason S. Angell (D.I. 181, No.13-2067, D.I. 185) is **GRANTED**.  The motion for joinder (D.I. 183; No. 13-2067, D.I. 187) is **GRANTED**.

IT IS SO ORDERED this 9th day of February 2021.

/s/ Richard G. Andrews
United States District Judge