IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DRAGON INTELLECTUAL PROPERTY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DISH NETWORK L.L.C., <br><br> Defendant. | Civil Action No. 13-2066-RGA |
| DRAGON INTELLECTUAL PROPERTY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SIRIUS XM RADIO INC, <br><br> Defendant. | Civil Action No. 13-2067-RGA |

MEMORANDUM

Before me is the Report & Recommendation of a United States Magistrate Judge. (D.I. 218). It addresses Defendants DISH Network's and Sirius XM Radio's Motions to Declare This Case Exceptional Pursuant to 35 U.S.C. § 285. (Case No. 13-2066, D.I. 130; Case No. 13-2067, D.I. 139).[1] The Magistrate Judge recommended that I GRANT-IN-PART and DENY-IN-PART these motions. (D.I. 218). Specifically, she recommends that I deny the motions to the extent

---

[1] Subsequent docket citations will refer to Case No. 13-2066 unless otherwise stated.

1

that Defendants seek (1) attorneys' fees incurred solely during *inter partes* review proceedings and (2) fees from Plaintiff's former attorneys. (*Id.*).

Plaintiff Dragon Intellectual Property, LLC ("Dragon") has filed objections (D.I. 221),[2] to which Defendants have responded (D.I. 224), and Defendants have filed objections (D.I. 219), to which Dragon and its former counsel have responded (D.I. 223, 225). The parties agree that I review these objections *de novo*. 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b)(3). For the reasons stated below, these objections are OVERRULED, and the Report & Recommendation is ADOPTED.

## I. BACKGROUND

The Report sets forth the relevant facts (D.I. 218 at 2–9), and I will not repeat them here.

## II. LEGAL STANDARD

The Patent Act provides that the court "in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The Supreme Court has defined an "exceptional" case as "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). When considering whether a case is exceptional, district courts are to exercise their discretion on a case-by-case basis, considering the totality of the circumstances. *Id.* Relevant factors for consideration include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case)

---

[2] Plaintiff's former counsel Freitas & Weinberg LLP and partner Robert E. Freitas filed a protective objection to the Report to the extent it concludes that the case is exceptional and that attorneys' fees may be awarded to Defendants. (D.I. 222).

2

and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6 (internal quotations marks omitted). A movant must establish its entitlement to attorneys' fees under § 285 by a preponderance of the evidence. *Id.* at 557.

### III. DISCUSSION

#### A. Plaintiff's Objections

Dragon objects to the Magistrate Judge's finding that this case is exceptional and to her recommendation to award attorneys' fees. (D.I. 221). The Magistrate Judge found that there was a clear disclaimer of continuous recording devices which precluded a finding of infringement by Defendants' accused products, which are continuous recording devices. (D.I. 218 at 13). Because Dragon had access to the information demonstrating non-infringement prior to filing the suit and was notified of this issue after the complaints were filed, the Magistrate Judge found that this case stood out from others with respect to Dragon's substantive litigating position and was thus exceptional. (*Id.*).

Dragon first argues that the Report is inconsistent with the *Munsingwear* rule because any award of fees is a "legal consequence" that the *Munsingwear* vacatur was designed to prevent. (D.I. 221 at 1–2). I have already considered, and rejected, this argument on two occasions. (*See* D.I. 168 at 7–8; D.I. 192 at 2–4). A district court may award attorneys' fees even where the underlying decision has been vacated. *See B.E. Tech., L.L.C. v. Facebook, Inc.*, 940 F.3d 675, 679 (Fed. Cir. 2019) (affirming the district court's award of costs under Fed. R. Civ. P. 54(d) even though case was dismissed as moot following IPR), *cert. denied*, 141 S. Ct. 618 (2020). Thus, for the third time, I reject Dragon's argument.

Dragon also argues that the Magistrate Judge erred in relying on this Court's previous claim construction ruling in finding that this case is exceptional because the vacatur created a "clean slate" and "eliminated the claim construction proceedings." (D.I. 221 at 2–5). Even if Dragon was entitled to a "clean slate" to completely re-do claim construction, this argument is baseless because the Magistrate Judge did independently consider whether continuous recording devices, such as the accused product, were disclaimed from the asserted patent in making her exceptional case determination. (*See* D.I. 218 at 12 n.10 & 13).

Dragon contends that the evidence does not establish a disclaimer and that the Magistrate Judge failed to provide a full and detailed explanation for why Dragon's litigating position was exceptionally weak. (D.I. 221 at 8–9). I disagree. As the Magistrate Judge points out, the applicants made multiple statements during examination of the asserted patent which clearly and unmistakably disclaimed continuous recording devices. (D.I. 218 at 12 n.10). For example, in order to overcome the examiner's rejection of claim 1 as obvious over the Sata reference, the applicants amended the claim from "said record key is first actuated to initiate storage of the program information" to "said record key is first actuated to begin a recording by initiating storage of the program information." (D.I. 212, Ex. B at A0109). The applicants explained, "Claim 1 has been further amended to recite how the structure of the instant invention begins a recording upon a first actuation of the record key . . . . Accordingly, the instant invention as claimed is further distinguished from the structure of Sata, wherein recording . . . is continuous, and never initiated or stopped . . . ." (*Id.* at A0100).

4

The Magistrate Judge correctly concluded that this was a clear case of prosecution disclaimer.[3] Dragon raises no argument that meaningfully challenges this conclusion.[4] The Magistrate Judge further provided a sufficiently detailed explanation for why Dragon's litigating position was exceptionally weak: "the disclaimer is very clear; it precludes a finding of infringement by any of the defendants' accused products; the information demonstrating non-infringement by the accused products was available to Dragon prior to filing the suit; the defendants also put Dragon on notice of the issue after the complaints were filed; and Dragon nevertheless continued to litigate." (D.I. 218 at 13).

Dragon finally argues that the Magistrate Judge did not fully consider its argument that Defendants are estopped from asserting disclaimer. (D.I. 221 at 9–10). In the IPR, the PTAB invalidated the asserted patent as obvious based on a combination of Goldwasser and Yifrach. (*Id.* at 10). Dragon contends that since these references both disclose continuous recording devices, that means continuous recording devices fall within the scope of the asserted patent. (*Id.*). Since Defendants obtained a ruling based on the idea that continuous recording devices fall within the scope of the asserted patent, Dragon argues that Defendants cannot assert a

---

[3] I independently reached the same conclusion in 2015. (*Dragon Intellectual Propery LLC v. AT&T Services Inc.*, No. 13-2061, D.I. 110 at 7 (D.Del. Sept. 9, 2015) ("I have only once seen a clearer case of prosecution disclaimer.")).

[4] Dragon also argues that Defendants did not provide sufficient evidence to show that Dragon's litigating positions were unreasonable because it did not present any expert testimony as to disclaimer. (D.I. 221 at 6–8). Dragon claims that Defendants were required to submit expert testimony to satisfy their burden because disclaimer is evaluated from the perspective of one skilled in the art. (*Id.* at 6). I disagree. Expert testimony is certainly not required for claim construction, which can be (and usually is) based solely on intrinsic evidence. *See Teva Pharms. USA, Inc. v. Sandoz, Inc.*, 574 U.S. 318, 331 (2015). The Magistrate Judge properly found a clear disclaimer in the intrinsic evidence. Expert testimony was not required to meet Defendants' burden of proof.

5

disclaimer of continuous recording devices. *(Id.)*. I am not sure how Dragon is reaching the conclusion that the PTAB's decision necessarily means that continuous recording devices fall within the scope of the asserted patent. A prior art reference can certainly render a claimed invention obvious even if it discloses extra elements not present in the patent. *See* 2 Chisum on Patents § 3.02(1)(f) (2021) ("For anticipation purposes, as for infringement purposes, it does not matter that the anticipatory (or infringing) item contains elements in addition to those specified in the patent claim in question."). The PTAB never found that continuous recording devices fall within the scope of the asserted patent. *See Dish Network L.L.C. v. Dragon Intell. Prop., LLC*, No. IPR2015-00499, 2016 WL 3268756 (P.T.A.B. June 15, 2016).

Further, Defendants never argued to the PTAB that continuous recording devices are within the scope of the asserted patent. Instead, they argued to the PTAB that the asserted patent "cannot involve continuous background recording." (D.I. 213, Ex. I at A0881). Thus, the Magistrate Judge properly rejected Dragon's estoppel argument because Defendants did not take an inconsistent position during the IPR.

I agree with the Magistrate Judge's conclusion that this case is exceptional. Thus, I overrule Dragon's objections and adopt the Magistrate Judge's recommendation that this case is exceptional and Defendants should be awarded attorneys' fees under § 285.

### B. Defendants' Objections

#### 1. Fees Incurred in IPR Proceedings

Defendants object to the Magistrate Judge's determination that fees incurred in the IPR proceedings cannot be recovered under § 285. (D.I. 219 at 3–6). The Federal Circuit declined to resolve this issue in the first instance on appeal but remarked: "[W]e see no basis in the Patent

Act for awarding fees under § 285 for work incurred in *inter partes* review proceedings that [Defendants] voluntarily undertook." *Dragon Intell. Prop., LLC v. DISH Network L.L.C.*, 956 F.3d 1358, 1362 (Fed. Cir. 2020). I understand this statement to be mere dicta, but I nevertheless agree with it.

Section 285, which appears in the chapter of Title 35 concerning remedies for patent infringement, states: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. As the Magistrate Judge points out, the text of § 285 does not contain any specific language permitting the district court to award fees incurred in an IPR.[5]

The Magistrate Judge stated, "IPR proceedings are not 'cases'" under § 285. (D.I. 218 at 14 (citing *Amneal Pharms. LLC v. Almirall, LLC*, 960 F.3d 1368, 1371-72 (Fed. Cir. 2020)). Defendants argue that the Magistrate Judge mistakenly relied on *Amneal* because it "was not so broad and is distinguishable." (D.I. 219 at 3). In *Amneal*, the Federal Circuit denied the patent owner's request for fees under § 285 for work done opposing an IPR because "section 285 does not authorize this court to award fees for work that was done before the agency on appeal from an IPR." *Amneal*, 960 F.3d at 1371.

Defendants argue that *Amneal* is distinguishable because the IPR in *Amneal* was brought before any district court suit was filed and in the present case, the IPR was filed after Defendants were sued in district court. (D.I. 219 at 3). While this distinction is true, it does not change the

---

[5] There are no fee-shifting provisions in Chapter 31 of Title 35—which specifically relates to IPR proceedings. The absence of a fee-shifting provision in this chapter shows a lack of congressional intent to permit the award of attorneys' fees in IPR proceedings. *See Nantkwest, Inc. v. Iancu*, 898 F.3d 1177, 1184 (Fed. Cir. 2018) (en banc) ("[T]he American Rule provides that each litigant bears its own attorneys' fees, win or lose, and a statute must use 'specific and explicit' language to depart from this rule."), *aff'd sub nom. Peter v. Nantkwest, Inc.*, 140 S. Ct. 365 (2019).

Magistrate Judge's conclusion that IPR proceedings are not "cases" under § 285. In *Amneal*, the Federal Circuit noted that § 285 "speaks only to awarding fees that were incurred during, in close relation to, or as a direct result of, judicial proceedings." *Amneal*, 960 F.3d at 1371; *see also id.* ("The words 'case' and 'cause' are constantly used as synonyms in statutes and judicial decisions, each meaning a proceeding in court, a suit, or action." (quoting *Blyew v. United States*, 80 U.S. (13 Wall.) 581, 595 (1872))).

Defendants further argue that the Magistrate Judge erred by "deviating from *Therasense*'s 'holistic approach'" and not considering the IPR as part of the "case" under § 285. (D.I. 219 at 5). In *Therasense*, the Federal Circuit explained, "[A] case should be viewed more as an 'inclusive whole' rather than as a piecemeal process when analyzing fee-shifting under § 285." *Therasense, Inc. v. Becton, Dickinson & Co.*, 745 F.3d 513, 516 (Fed. Cir. 2014). The Federal Circuit later clarified this quote, "[I]n *Therasense*, while we explained that 'case' under section 285 should be more viewed as an inclusive whole, we were clearly only referring to district court and appellate court proceedings." *Amneal*, 960 F.3d at 1372 (citing *Therasense*, 745 F.3d at 516). Thus, I do not agree with Defendants' objection. The Magistrate Judge was not required to view the IPR as part of the "case" under § 285.

Defendants also argue that the Magistrate Judge failed to follow *PPG Indus., Inc. v. Celanese Polymer Specialties Co.*, 840 F.2d 1565 (Fed. Cir. 1988). (D.I. 219 at 5). In *PPG*, the Federal Circuit held that a defendant could recover the fees it incurred opposing the patentee's PTO reissue proceedings where the defendant's "participation in [the] reissue application proceedings was not optional." *PPG*, 840 F.2d at 1568. The Magistrate Judge found that *PPG*

was not applicable because, as Defendants have acknowledged, the IPR proceedings in the present case were optional. (D.I. 218 at 15).   This distinction is proper.

In their objections, Defendants argue the IPR they initiated was not optional because Dragon's complaint "triggered the one-year statutory bar for Defendants to file an IPR petition under 35 U.S.C. § 315(b)." (D.I. 219 at 6).   This argument was not raised before the Magistrate Judge and is therefore untimely.   Regardless, I am not persuaded that this statutory deadline makes the filing of IPR mandatory, especially considering Defendants' statements at oral argument that they filed the IPR because they "thought that it was the most cost-effective way to resolve the case," not because they had no other option. (D.I. 217 at 34:5–14).   It was Defendants' choice to pursue invalidity in the IPR proceedings rather than in this Court. Nothing required them to do that.

There is no persuasive legal analysis that would authorize this Court to award attorneys' fees under § 285 for IPR proceedings that Defendants voluntarily undertook.   Thus, I overrule Defendants' objection to this portion of the Magistrate Judge's Report and adopt her recommendation not to award fees incurred solely during the IPR proceedings.

### 2. Fee Liability Against Dragon's Counsel

Defendants object to the Magistrate Judge's recommendation that I decline to find Dragon's former counsel jointly and severally liable for any fee award. (D.I. 219 at 7–10). Defendants contend that the Magistrate Judge "overlooked" the Supreme Court's *Octane Fitness* opinion, in which the Court found that § 285 imposed "one and only one constraint on district courts' discretion to award attorney's fees in patent litigation: The power is reserved for 'exceptional' cases." (*Id.* at 7 (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572

U.S. 545, 553 (2014))). Defendants argue that the Magistrate Judge's Report contravenes *Octane Fitness* by improperly "injecting another constraint" on the district court's discretion—i.e., by only allowing recovery of fees from the parties, not attorneys. (*Id.*). I disagree. As the Magistrate Judge pointed out, *Octane Fitness* addressed the question of when fees may be awarded, not from whom they may be recovered. (D.I. 218 at 18). I see nothing in *Octane Fitness* that authorizes attorney liability for a fee award.

Instead, federal courts generally presume that "when a fee-shifting statute does not explicitly permit a fee award against counsel, it prohibits it. In short, silence does not equal consent." *In re Crescent City Estates, LLC*, 588 F.3d 822, 825 (4th Cir. 2009). Section 285 does not explicitly permit a fee award against counsel. In the absence of such explicit permission, the Magistrate Judge properly decided that there was no basis to impose fee liability against the attorneys.[6]

Defendants argue that the Magistrate Judge improperly relied on cases declining to impose fee liability against attorneys under other fee-shifting statutes. (D.I. 219 at 8–9). I agree

---

[6] The Magistrate Judge found, and Defendants agree, that nothing in the legislative history of § 285 supports awarding fees against opposing counsel. (D.I. 218 at 19 n.18; *see also* D.I. 217 at 26:5–11). She instead found that since the fee-shifting provision was included in the same section enumerating the remedies in patent infringement cases, and when remedies are awarded in patent infringement cases, it is the party (not its attorney) that must pay damages or stop its infringing activities, "Congress intended the losing party (and not its attorney) to pay attorney's fees." (*Id.*). Defendants claim that, in reaching this conclusion, the Magistrate Judge "reads too much from too little." (D.I. 219 at 9). I disagree. Section 285 and its predecessor's placement was supportive of the Magistrate Judge's finding that there was no congressional intent to overcome the presumption and to permit a fee award against a party's counsel.

Defendants also argue that since § 285 and its legislative history say nothing about limiting the fee recovery to opposing parties, it permits recovery of fees against attorneys. This argument directly contradicts the presumption that if a fee-shifting statute is silent as to who pays the fee award, then the statute does not permit a fee award against a party's attorneys.

with the Magistrate Judge that these cases are instructive because, like § 285, the fee-shifting statutes in these cases are silent as to who pays the fee award and thus, the presumption applies. *See, e.g.*, *Peer v. Liberty Life Assurance Co. of Bos.*, 992 F.3d 1258, 1263–65 (11th Cir. 2021); *Tejero v. Portfolio Recovery Assocs., L.L.C.*, 955 F.3d 453, 461–62 (5th Cir. 2020).

What Defendants fail to mention in their objections is that the Magistrate Judge cited multiple cases that declined to assess fees against a party's counsel under § 285. (D.I. 218 at 18). The Federal Circuit held in two non-precedential opinions that § 285 does not permit a fee award against counsel. *Phonometrics, Inc. v. ITT Sheraton Corp.*, 64 F. App'x 219, 222 (Fed. Cir. 2003) ("Counsel . . . is not liable for fees awarded under § 285; it can only be liable for excess fees awarded under § 1927."); *Interlink Elecs. v. Incontrol Sols., Inc.*, 1999 WL 641230, at *3 (Fed. Cir. Aug. 24, 1999) (per curiam) ("[S]ection 285 imposes costs on a party, not an attorney."). Defendants' only rebuttal to these cases is that they were decided before *Octane*. (*See* D.I. 219 at 7 n.10). I do not think the holding in *Octane* would change the Federal Circuit's conclusion because *Octane* does not even address against whom fees can be assessed.

Many post-*Octane* district court cases have also reached the same conclusion. *See, e.g.*, *My Health, Inc. v. ALR Techs., Inc.*, 2019 WL 2395409, at *3 (E.D. Tex. June 5, 2019) ("Defendants provide no legal basis for a fee award against [opposing party's] counsel under § 285. Indeed, the Federal Circuit has declined to find counsel liable for fees awarded under § 285."), *adopted*, 2020 WL 122933 (E.D. Tex. Jan. 10, 2020); *Advanced Video Techs. LLC v. HTC Corp.*, 2015 WL 7621483, at *5 (S.D.N.Y. Aug. 28, 2015) ("Unlike other types of sanctions,

11

sanctions under § 285 may not be assessed against counsel—only against a party."). Defendants have provided no response to the Magistrate Judge's reliance on these cases.[7]

Thus, I adopt the Magistrate Judge's recommendation and deny Defendants' requests to the extent that they seek to hold Dragon's former counsel jointly and severally liable for the fee award.

## IV.   CONCLUSION

An appropriate order will issue.

Entered this ___ day of November, 2021.

*Richard G. Andrews*
United States District Judge

---

[7] Defendants' remaining objections simply restate the arguments it made to the Magistrate Judge. The Magistrate Judge properly considered and rejected these arguments, and I decline to rehash them here.