IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DRAGON INTELLECTUAL PROPERTY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 13-2066 (RGA) |
| | ) |
| DISH NETWORK L.L.C., | ) |
| | ) |
| Defendant. | ) |

## **DISH'S NOTICE OF DEPOSITION TO DRAGON INTELLECTUAL PROPERTY, LLC**

Please take notice that pursuant to Federal Rule of Civil Procedure 26, 30, and 69, Defendant DISH Network L.L.C. ("DISH" or "Defendant"), by and through its undersigned attorneys, provide notice that it will take the deposition upon oral examination of Plaintiff Dragon Intellectual Property, LLC ("Plaintiff" or "Dragon") on June 24, 2022, beginning at 9:00 a.m. (EDT) at Baker Botts L.L.P., 700 K Street, N.W. Washington, D.C. 20001-5692, or at such other location as may be mutually agreed to by the parties. The deposition will be taken upon oral examination before an official authorized by law to administer oaths and will be recorded by sound, sound-and-visual means such as videographic means, and/or stenographic means, including stenographic means with real-time display of testimony.

Pursuant to Rule 30(b)(6), Dragon is required to designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf concerning the subject matters described herein. The person(s) so designated shall be the persons(s) in Dragon's control most knowledgeable regarding the subject matters described in this notice. Dragon shall provide DISH with written notice, no later than seven business days in advance of the date upon which the deposition is scheduled of: (1) the name and employment position of each designee; and (2) the topic(s) to which each such designee will testify.

The deposition will proceed in accordance with the Federal Rules of Civil Procedure.

|  |  |
|---|---|
| OF COUNSEL:<br><br>G. Hopkins Guy III<br>BAKER BOTTS L.L.P.<br>1001 Page Mill Road<br>Building One, Suite 200<br>Palo Alto, CA 94304-1007<br>(650) 739-7500<br><br>Ali Dhanani<br>Bradley Bowling<br>BAKER BOTTS L.L.P.<br>One Shell Plaza<br>910 Louisiana Street<br>Houston, TX 77002-4995<br>(713) 229-1234<br><br>Jamie R. Lynn<br>Lauren J. Dreyer<br>BAKER BOTTS L.L.P.<br>700 K Street NW<br>Washington, DC 20001<br>(202) 639-7700<br><br>May 10, 2022 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Rodger D. Smith II*<br><br>Rodger D. Smith II (#3778)<br>Lucinda C. Cucuzzella (#3491)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>rsmith@morrisnichols.com<br>ccucuzzella@morrisnichols.com<br><br>*Attorneys for Defendant DISH Network L.L.C.* |

# DEFINITIONS

The definitions, instructions, words, and phrases used in these deposition topics (the "Topics") shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware ("Local Rules"), and in particular Fed. R. Civ. P. 26. The definitions referenced herein apply without regard to capitalization.

The words and phrases used herein shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware. In addition, the following terms shall have the meanings set forth below whenever used herein:

1. "Defendant" shall mean DISH Network L.L.C. and any and all predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all past or present officers, directors, employees, agents, attorneys, representatives, and all other Persons acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

2. "Dragon" shall Refer to Dragon Intellectual Property, LLC and its past or present parent corporations, subsidiaries, divisions, predecessors, proprietorships, joint ventures, Affiliates, Constituents, officers, managers, members, directors, employees, agents, representatives, and attorneys.

3. "Dragon Principals" shall Refer to any Entity or Person with a monetary or ownership interest in Dragon or the outcome of the above-captioned litigation, Including, without limitation, Kai Zhu and Jing Sun.

4. "Freitas" shall Refer to Freitas Angell & Weinberg LLP and its past or present partners, associates, special counsel, Affiliates, Constituents, officers, directors, employees, agents,

representatives, and attorneys, Including, without limitation, Robert E. Freitas, Jason S. Angell, Quynh Chi Nguyen, and Jessica N. Leal.

5. "Constituent(s)" shall mean any owner(s), principal(s), agent(s), manager(s), board member(s), partner(s), leader(s), member(s), representative(s), and/or employee(s).

6. "Affiliate(s)" shall mean any contractor(s), benefactor(s), debtor(s), customer(s), client(s), and/or creditor(s).

7. "You" and Your" shall Refer to Dragon and/or the Dragon Principals.

8. "DISH" shall Refer to DISH Network L.L.C.

9. "Asserted Patent" or "Patent-in-Suit" shall mean U.S. Patent No. 5,930,444.

10. "Related Patent(s) and/or Application(s)" as used herein in connection with a given patent shall mean: (i) any U.S. or foreign patent or patent application, regardless of whether abandoned or not, that is related to the given patent or its application(s) by way of subject matter or claimed priority Date; (ii) all parent, provisional, divisional, continuation, continuation-in-part, reissue, re-examination, extension, and foreign counterpart patents and applications; (iii) any patent or patent application filed by one or more of the same applicant(s) (or his or her assignees) that constitutes or Refers to any of the application(s) that led to issuance of the given patent; and (iv) any U.S. or foreign patent application that claims priority under 35 U.S.C. §§ 119, 120, or 365.

11. "Accused Product" shall Refer to any product, product feature, system, system feature, method, method feature, activity, service, and/or action of Defendant that Dragon contends infringes, directly or indirectly, or contributes to the infringement of the Asserted Patent, Including all products identified in Dragon's Infringement Contentions.

12. "Prior Art" shall mean all publications, patents, physical devices, prototypes, products, uses, sales, offers for other activity concerning the subject matter of the Asserted Patent, or related United States or foreign patents, and existing on, or occurring at, a Date such as to be relevant under any subdivision of 35 U.S.C. §§ 102 or 103.

13. "Asset(s)" shall mean any Thing, tangible or intangible, that can be used to produce positive economic value.

14. "Liability" or "Liabilities" shall mean any financial or legal exposure.

15. "Consideration" shall mean any Thing bargained for or exchanged.

16. References to any natural Person shall Include, in addition to the natural Person, any agent, employee, representative, attorney, superior, or principal thereof.

17. References to any Entity shall Include, in addition to the Entity, any officer, director, employee, partner, corporate parent, subsidiary, Affiliate, Constituent, agent, representative, attorney, or principal thereof.

18. "And" and "or" should be understood either disjunctively or conjunctively as necessary to bring within the scope of any Topic all information that might otherwise be construed to be outside of its scope.

19. "Any" and "all" should each be understood to Include "each and every."

20. "Communication(s)" or "Communicate" shall mean and Include any contact or correspondence between two or more Persons, Including but not limited to written contact by letter, memorandum, e-mail, fax, note or otherwise, and conversations in face-to-face meetings, telephone conversations, or otherwise.

21. "Date" shall mean the exact date, if known, or the closest approximation to the exact date as can be specified, Including, without limitation, the year, month, week in a month, or part of a month.

22. "Describe," when used in relation to an act, event, instance, occasion, transaction, conversation, or Communication, shall Include: (a) stating the Date and place thereof; (b) Identifying the individual participants; (c) summarizing separately what each individual participant said or did; and (d) identifying each Document used or prepared in connection therewith or making any reference thereto.

23. "Document(s)" shall have the same meaning and scope as the term "documents or electronically stored information" in Rule 34 of the Federal Rules of Civil Procedure, and shall Include any handwritten, printed, recorded, or graphic matter, data or data compilations, or information stored in electronic forms (Including emails) that is or has been in Your actual or constructive possession, custody, or control, regardless of the medium on which it is produced, reproduced, or stored, Including, without limitation, anything that can be classified as a "writing," "original," or "duplicate." Any document bearing marks, Including, without limitation, initials, stamped indicia, comments or notations not part of the original text or photographic reproduction thereof, is a separate document.

24. "Entity" means corporation, company, firm, partnership, joint venture, association, governmental body, or agency, or Persons other than a natural Person.

25. "Identify," when used with respect to any natural Person, means that the following information shall be provided: the Person's full name, last known home address and

telephone number, last known business address and telephone number, last known title or occupation, and last known employer.

26. "Identify," when used with respect to any Entity (Including, without limitation, corporation, company, firm, partnership, joint venture, association, governmental body or agency, or Persons other than a natural Person), means that the following information shall be provided: the full legal name of the Entity, the place of incorporation or organization, the principal place of business, and the nature of the business conducted by that legal Entity.

27. "Include" and "Including" shall be construed in their broadest sense and shall not be limited to the illustrative example provided.

28. "Person" shall Include, without limitation, natural persons, corporations, partnerships, business trusts, associations, and business or other entities, and any officer, director, employee, partner, corporate parent, subsidiary, Affiliate, Constituent, agent, representative, attorney, or principal thereof. The acts of a person shall Include the acts of directors, officers, owners, members, employees, agents, attorneys, or other representatives acting on a person's behalf.

29. "Regarding," "Referring to," or "Reflecting" are used in their broadest sense and shall mean directly or indirectly mentioning or describing, pertaining to, concerning, constituting, evidencing, being connected with, or reflecting upon a stated subject matter, Including but not limited to the particular category identified.

30. "Relate to," "Related to" and "Relating to" are used in their broadest sense and Include all matter relating to, Referring to, describing, discussing, depicting, identifying, evidencing, concerning, or constituting the referenced subject.

31. "Thing" has the broadest possible meaning permitted by Rule 26 of the Federal Rules of Civil Procedure and relevant case law.

32. "Third-Party" shall mean all Persons who are not parties to the Litigation, as well as their officers, directors, employees, agents, and attorneys.

33. All words used herein, except those terms and phrases defined herein and those that You understand to have a specialized or technical meaning, shall be assigned all plain and ordinary meanings given the context of their use, and all specialized and technical meanings as necessary to make the discovery request inclusive rather than exclusive.

# TOPICS FOR EXAMINATION

1. Your ability, or lack thereof, to satisfy the $1,456,273.49 judgment to DISH.

2. Your efforts to initially capitalize the company and all efforts taken until present to keep the company adequately capitalized.

3. Your efforts to maintain sufficient regard for corporate formalities and identify any documents supporting your contentions.

4. Dragon's Assets and/or Liabilities since its formation, Including but not limited to any bank statements, credit card statements, balance sheets, ledgers, invoices, receipts, contracts, agreements, leases, titles, bills, mortgages, loans, liens, statements or estimates of value, accounts payable, accounts receivable, and/or any additional Documents Reflecting any Consideration that has been, was intended to be, or is to be transferred to or from Dragon.

5. Dragon's formation and/or organization, Including but not limited to Dragon's articles of organization, bylaws, policies, membership agreements, management agreements, employment agreements, shareholder agreements, meeting minutes, share certificates, contracts, tax returns, corporate records, and corporate financial accounts (e.g., checking accounts).

6. Dragon's Constituents and Affiliates, Including but not limited to the whereabouts, mailing addresses, email addresses, phone numbers, and/or any other contact information of each Constituent or Affiliate.

7. Your contention (if any) that Dragon maintained sufficient regard for corporate formalities.

8. Any litigation finance or funding agreements or contract between Dragon or the Dragon Principals and any third-party.

9. Any engagement agreement, contract, and/or retainer between Dragon and Freitas, Including any contingency fee agreements or agreements Regarding the payment of costs or expenses.

10. Any Consideration received by or intended for Freitas from Dragon or the Dragon Principals.

11. Any litigation finance or funding agreements between Dragon or the Dragon Principals and any third-party, including:

    a. Third-Party Funders, Including any identification of the names, business and mailing addresses, phone numbers, whereabouts, or email addresses of any Third-Party Funder;

    b. Whether any Third-Party Funder's approval was necessary for litigation or settlement decisions in this Action, and if the answer is in the affirmative, the nature of the terms and conditions Relating to that approval; and

    c. The nature of the financial interest of the Third-Party Funder(s).

12. Your responses to DISH's Second Set of Limited Requests for Production, Second Set of Limited Interrogatories, and First Set of Requests for Admission, served on May 10, 2022, including any documents produced by You in response to those requests.

# CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on May 10, 2022, upon the following in the manner indicated:

| | |
|---|---|
| Timothy Devlin, Esquire<br>DEVLIN LAW FIRM LLC<br>1526 Gilpin Avenue<br>Wilmington, DE 19806<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| J. James Li, Ph.D.<br>LILAW INC.<br>5050 El Camino Real, Suite 200<br>Los Altos, CA 94022<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)